# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **PAUL HAGAN** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 3:22-cv-00142** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

---

## DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 405th District Court, Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.     On March 31, 2022, Plaintiff filed this action against State Farm in the 405th District Court in Galveston County, Texas.  The state court cause number is 22-CV-0544 ("State Court Action").  State Farm was served on April 11, 2022 and filed its answer on May 2, 2022.  In Plaintiff's Original Petition ("Original Petition"), Plaintiff states that he seeks damages of $250,000 or less.  The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

2.     In accordance with 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 405th District Court in Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

## II.
### NATURE OF SUIT

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with a Homeowner Policy for damage to his property caused by busted water pipes during the severe freeze and winter storm that occurred on or about February 16, 2021.  *See Plaintiff' Original Petition,* at ¶ 9, *Attached as Exhibit A*.  Plaintiff asserts causes of action for breach of contract, common law bad faith, and for violations of the DTPA Chapter 542 of the Texas Insurance Code. *Id*. at ¶¶ 6, 33-50.  As addressed in further detail below, State Farm now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
### BASIS OF REMOVAL

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, a resident of Galveston County, Texas.  *Plaintiff's Original Petition,* at ¶ 2.  State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code.  The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same).  At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are,

citizens of states other than Texas. *See Affidavit of Michael Roper, Attached as Exhibit B*. Accordingly, State Farm is not a citizen of the State of Texas.

6.     Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim. *See Plaintiff's Original Petition, at ¶¶ 12-32*. Plaintiff is seeking monetary relief of $250,000 or less. *See id.* at ¶ 29. Plaintiff also claims damage to his property estimated at $87,600.20. *Id.* at ¶¶ 17, 54. In addition to these claimed actual damages, Plaintiff further seeks treble damages under the DTPA; statutory interest penalty, pre-judgment interest, and attorneys' fees pursuant to Chapter 542 of the Texas Insurance Code; and exemplary damages. *Id.* at ¶¶ 57-58; 60. It is apparent from the face of the petition that Plaintiff's claimed damages exceed the requisite amount in controversy of $75,000.00. *See* 28 U.S.C. § 1332(a)(1)*; Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *see also* 28 U.S.C. § 1446(c)(2); *DeAguilar v. Boeing Co*., 47 F.3d 1404, 1410 (5th Cir. 1995); *cert. denied* 516 U.S. 865 (1995).

## IV.
### REMOVAL PROCEDURES

7.     On March 31, 2022, Plaintiff filed this case against State Farm in the 405th District Court of Galveston County, Texas. See Original Petition. State Farm was served on April 11, 2022. State Farm filed its Answer on May 2, 2022. *See Return of Service, Exhibit C; and State Farm's Answer, Exhibit D.* This Notice of Removal is being timely filed on May 5, 2022. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

8.     The Galveston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Galveston County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State

Court Action was brought, and is pending, in Galveston County. *See* 28 U.S.C. § 1441(a). Galveston County is within the jurisdictional limits of the Galveston Division. 28 U.S.C. § 124(b)(1).

9.    All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are included in the Index of Matters Being Filed, attached. In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Galveston County Clerk's Office and served on the Plaintiff.

10.    A jury trial was requested in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
### PRAYER

11.    State Farm respectfully requests that the above-styled action now pending in in the 405th District Court of Galveston County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:   */s/ Dale M. "Rett" Holidy*
**DALE M. "RETT" HOLIDY**
S.D. Tex./Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com

**LEAD ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Alexandra McNicholas Bernier
S.D. Tex./Federal Bar No. 3695685
State Bar No. 24037080
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
abernier@germer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of May, 2022, a true and correct copy of the foregoing document was forwarded to all known counsel of record by e-filing and e-mail pursuant to Federal Rule of Civil Procedure 5(b).

*/s/ Alexandra McNicholas Bernier*
**Alexandra McNicholas Bernier**

**INDEX OF MATTERS BEING FILED WITH REMOVAL ACTION**
***Paul Hagan v. State Farm Mutual Automobile Insurance Company***

**Exhibit A: Plaintiff's Original Petition**

**Exhibit B:  Affidavit of Michael Roper**

**Exhibit C: Return of Service**

**Exhibit D: Defendant's Original Answer**

**Exhibit E: Defendant's Jury Demand**

**Exhibit F: State Court Docket Sheet**

**Exhibit G: All Counsel of Record**

**EXHIBIT A:**
**Plaintiff's Original Petiton**

Filed: 3/31/2022 11:38 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 63137818
By: Shailja Dixit
3/31/2022 12:39 PM

22-CV-0544

CAUSE NO. _____

| | | |
|---|---|---|
| PAUL HAGAN, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | Galveston County - 405th District Court |
| | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

---

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Paul Hagan ("Plaintiff") and files this, Plaintiff's Original

Petition and Jury Demand, complaining of State Farm Lloyds ("State Farm" or "Defendant") and

for cause of action, Plaintiff respectfully shows the Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 1, pursuant to Texas Rules of Civil

Procedure 190.2.

### PARTIES

2.    Plaintiff, Paul Hagan, resides in Galveston County, Texas.

3.    Defendant, State Farm Lloyds, is an insurance company engaged in the business of

insurance in the State of Texas.  Plaintiff requests service of citation upon State Farm,

through its registered agent for service listed with the Texas Department of Insurance**: 211**

**East 7th Street, Suite 620, Austin, Texas 78701-3218**.  Plaintiff requests service at this

1

time.

## JURISDICTION

4.    The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's business activities in the state, including those in Galveston County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Galveston County, Texas because the insured property is located in Galveston County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Galveston County, Texas.   TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiff owns a State Farm insurance policy, number 53-EW-J943-8 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 902 Pine Hollow Drive, Friendswood, Texas 77546 ("the Property").

8.    State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.  State Farm represented to Plaintiff that the Policy included coverage for burst pipes and/or sudden water loss.

9.    On or about February 16, 2021, the Property sustained extensive damage resulting from a busted water pipe during the severe freeze that impacted the Friendswood/Galveston

County, Texas area.

10. In the aftermath of the freeze, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 53-16M8-10D to Plaintiff's claim.

11. Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

12. State Farm hired or assigned Alexander Duplessis ("Duplessis") to inspect and adjust the claim. Duplessis conducted an inspection on or about March 12, 2021, according to the information contained in his estimate. Duplessis' findings generated an estimate of damages totaling $21,739.95. After application of depreciation and $5,170.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of his claim.

13. State Farm had Duplessis re-inspect the Property on or about June 18, 2021, according to the information contained in his revised estimate. After re-inspection, Duplessis' findings generated an estimate of damages totaling $23,299.95. After application of depreciation and $5,170.00 deductible, Plaintiff was still left without adequate funds to make repairs on the entirety of his claim.

14. State Farm then hired or assigned Daniel Shaffer ("Shaffer") to inspect and adjust the claim. Duplessis conducted an inspection on or about January 12, 2021, according to the information contained in his estimate. Shaffer's findings generated an estimate of damages totaling $63,779.30. After application of depreciation and $5,170.00 deductible, Plaintiff was still left without adequate funds to make repairs on the entirety of his claim.

15. State Farm, through Duplessis and Shaffer, conducted a substandard and improper

3

inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16.    While State Farm has ultimately refused coverage for the full scope of damage and undervalued individual line items.  The third-party inspector hired to review the damage to the Property found damage that was completely absent from the field adjuster's estimate.

17.    The damage to Plaintiff's Property is currently estimated at $87,600.20. However, given State Farm's revised estimate, Plaintiff seeks the difference between the two estimates as unpaid policy benefits, which amounts to $23,820.90.[1]

18.    Duplessis and Shaffer had a vested interest in undervaluing the claims assigned to them by State Farm in order to maintain their employment. The disparity in the number of damaged items and scope identified in State Farm's reports compared to the report from the third-party inspector, as well as the difference in valuation of individual items, is evidence of unfair claims handling practices on the part of State Farm.

19.    Duplessis and Shaffer misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Duplessis and Shaffer made these misrepresentations as licensed Texas insurance adjusters with the hope that Plaintiff would rely on their expertise and accept the bad faith estimates as a true representation of the damages.

20.    As stated above, State Farm, through Duplessis and Shaffer, improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, State Farm, through Duplessis and Shaffer, misrepresented the scope of and cost to repair damages to Plaintiff's Property, as well as

---

[1] Plaintiff acknowledges that State Farm is entitled to an offset for prior payments but does not relinquish any claim regarding depreciation which has been previously withheld.

4

the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

21.   Upon receipt of the inspection and estimate reports from Duplessis and Shaffer, State Farm failed to assess the claim thoroughly. As a result, State Farm failed to provide full coverage due under the Policy, and Plaintiff suffered damages.

22.   Because State Farm failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete the full extent of repairs required to the Property. This has caused additional damage to Plaintiff's Property.

23.   Furthermore, State Farm failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Duplessis and Shaffer performed unreasonable and substandard inspections that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

24.   State Farm's misrepresentations, unreasonable delays, and continued failure to pay the full extent of damages owed under the policy constitute a breach of its statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

25.   State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). State Farm has failed to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Specifically, State Farm has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff

5

by failing to timely pay Plaintiff full coverage due under the Policy.

26.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  State Farm has failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

27.     Additionally, after State Farm received statutory demand on or about December 6, 2021, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly and fully.

28.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4). Duplessis and Shaffer performed biased and intentionally substandard inspections designed to allow State Farm to underpay the full coverage due to Plaintiff under the Policy.

29.     Specifically, State Farm performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

30.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.055.  Due to Duplessis's and Shaffer's subpar inspections, State Farm failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

31.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Duplessis's and Shaffer's intentional undervaluation of Plaintiff's claims, State Farm failed to meet its obligations under the

Texas Insurance Code regarding timely payment of the claim.  Specifically, Duplessis's and Shaffer's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for the entirety of his claim.

32.    State Farm's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

### BREACH OF CONTRACT

33.    All allegations and facts stated above are incorporated herein.

34.    State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

35.    State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36.    All allegations and facts stated above are incorporated herein.

37.    State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

7

38.    State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

39.    State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

40.    State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

41.    State Farm's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42.    All allegations and facts stated above are incorporated herein.

43.    State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

44.    State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations and facts stated above are incorporated herein.

46.     State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.     All allegations and facts stated above are incorporated herein.

49.     State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA.  Plaintiff has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  State Farm's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) failure to give Plaintiff the benefit of the doubt; and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

9

B.      State Farm represented to Plaintiff that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      State Farm represented to Plaintiff that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.      State Farm breached an express warranty that the damages caused by burst pipes and/or sudden water loss would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.      State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.      State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.    Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages.  All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade

Practices Act.

## KNOWLEDGE

51. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

52. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

53. The damages caused to the Property have not been properly addressed or fully repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of State Farm's mishandling of Plaintiff's claims in violation of the laws set forth above.

54. Plaintiff currently estimates that actual damages to the Property under the Policy are $87,600.20.

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of State Farm have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

56. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the

full amount of his claims and consequential damages, together with attorney's fees.

57.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

58.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus a statutory interest penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from State Farm's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

60.    State Farm's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish State Farm for their wrongful conduct and to set an example to deter State Farm and others from committing similar acts in the future.

12

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(2) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000.00 or less, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## JURY DEMAND

63. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Galveston County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff Paul Hagan prays that Defendant State Farm Lloyds be cited and served to appear and that upon trial hereof Plaintiff recovers from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade

13

Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show he is so justly entitled.

       Dated:  March 31, 2022

                                                          Respectfully submitted,

                                          By: _/s/ Chad T. Wilson_
                                            Chad T. Wilson
                                            Bar No. 24079587
                                            Donald C. Green II
                                            Bar No. 24086619
                                            CHAD T. WILSON LAW FIRM PLLC
                                            455 E Medical Center Blvd, Ste 555
                                            Webster, Texas 77598
                                            Telephone: (832) 415-1432
                                            cwilson@cwilsonlaw.com
                                            dgreen@cwilsonlaw.com

                                            ATTORNEYS FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kaitlyn Howe on behalf of Chad Wilson
Bar No. 24079587
khowe@cwilsonlaw.com
Envelope ID: 63137818
Status as of 3/31/2022 12:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 3/31/2022 11:38:18 AM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 3/31/2022 11:38:18 AM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 3/31/2022 11:38:18 AM | SENT |

**EXHIBIT B:**
**Affidavit of Michael Roper**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| PAUL HAGAN | § | |
| | § | |
| VS. | § | C.A. NO. 4:22-cv-_____ |
| | § | (JURY) |
| STATE FARM LLOYDS | § | |

<u>**AFFIDAVIT OF MICHAEL ROPER**</u>

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

      1.    "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

      2.    I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President – Planning and Analysis for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

      3.    As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

      4.    State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

      5.    As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

      6.    As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

      7.    On June 29, 2021, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 15, 2020 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Justin Michael Tipsord, Sara Gay Frankowiak and Craig Dean Isaacs replaced Kathleen Mary Pechan,

1

Angela Kaye Sparks, and Robert Hun Sang Yi.

The current underwriters for State Farm Lloyds are listed below:

- Annette Romero Martinez:  Ms. Martinez is domiciled and resides in Colorado. Her full time place of employment is in Illinois.  She has expressed an intent to remain in Colorado while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson:  Ms. Johnson is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord:  Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak:  Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent

2

to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.    At all times since the June 29, 2021 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the States of Illinois or Colorado.

FURTHER AFFIANT SAYETH NAUGHT."

MICHAEL ROPER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the _2nd_ day of _May_____, 2022.

Notary Public for the State of Illinois

OFFICIAL SEAL
MARCEY HUNT
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 22, 2024

3

**EXHIBIT C:**
**All Executed Service of Process**

Filed: 4/19/2022 7:26 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 63669948
By: Shailja Dixit
4/19/2022 7:50 AM

## CITATION

### THE STATE OF TEXAS

**PAUL HAGAN VS. STATE FARM LLOYDS**

Cause No.: 22-CV-0544

**405th District Court of Galveston County**

TO:    State Farm Lloyds
       Registered Agent Corporation Service Company
       211 East 7th Street Suite 620
       Austin TX  78701-3218

---

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **405th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **March 31, 2022**. It bears cause number **22-CV-0544** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 31st day of March, 2022.**

Issued at the request of:
Chad T Wilson
Chad T Wilson Law Firm PLLC
455 East Medical Center Blvd Suite 555
Webster TX 77598



**John D. Kinard**, District Clerk
Galveston County, Texas

*Robin Gerhardt*

By    Robin Gerhardt, Deputy

---

### The District Courts of Galveston County, Texas Status Conference Notice
### Please calendar this event

| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) | | | | |
|---|---|---|---|---|
| Court Name | Status Conference Time | Court Phone Number | | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409-766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## Date :06/30/2022 set in the 405th District Court - Judge Jared Robinson

# RETURN OF SERVICE

| Case no. 22-CV-0544 | In the 405th District Court |
|---|---|

**Paul Hagan vs. State Farm Lloyds**

Come to hand on **April 01, 2022** at **2** o'clock **P** .m., and executed in _____ County,
Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon,
together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

To:   **State Farm Lloyds**
      **Registered Agent Corporation Service Company**
      **211 East 7th Street Suite 620**
      **Austin TX  78701-3218**

**SERVED:**

| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | MILEAGE |
|---|---|---|---|
| 4/7/22 | 9:35 Am | 211 E. 7th Street #1620  Austin TX 78701 | |
| | | | |
| | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:
BY CMRRRH # 7021 1970 0000 8234 3087
The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason: _____

| FEES: Serving CITATION and copy  $_____ | | |
|---|---|---|
| **TOTAL FEES AND MILEAGE $** | Mileage _____ miles @ $_____ per mile   Total $_____ | |

Signed on **18 th** day of _____ **APRIL** _____, 20 **22**

_____   **Officer**

_____   **County, TX**



_____   **Deputy /Officer Signature**

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c).**The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.
The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court
the return shall be signed under penalty of perjury and contain the following statement.**

"My name is ___ STEVEN    J.    FRIEDENTHAL _____, my date of birth is  4/23/1912
               (First)        (Middle)        (Last)

And my address is ___ 5910 LBJ FWY #500  DALLAS, TX  75240
                        **Street, City, State, Zip, County**

        **"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

Executed in ___ DALLAS ___, County, State of ___ TX ___, on  4/18/22 .

_____   |   18870   Ex 10/7/22
**Declarant/Authorized Process Server Signature**   |   **ID# and expiration of certification**

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds

**CORPORATION SERVICE COMPANY**

**211 E. 7th STREET, #620**

9590 9402 7160 1251 2635 70

2. Article Number *(Transfer from service label)*

7021 1970 0000 8234 3087

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   Viva Tejas Logistics (AAO)   ☐ Agent
                                  ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

APR 11 2022

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

Carlos Mendoz

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 63669948
Status as of 4/19/2022 7:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 4/19/2022 7:26:29 AM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 4/19/2022 7:26:29 AM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 4/19/2022 7:26:29 AM | SENT |

**EXHIBIT D:**
**Defendant's Original Answer**

Filed: 5/2/2022 8:22 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 64073283
By: Shailja Dixit
5/2/2022 8:33 AM

**CAUSE NO. 22-CV-0544**

| | | |
|---|---|---|
| **PAUL HAGAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **405TH JUDICIAL DISTRICT** |

**DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

**I.**
**GENERAL DENIAL**

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

**II.**
**DEFENSES**

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.     **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.     **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.     **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

**SECTION I – CONDITIONS**

2.     **Your Duties After Loss**. After a loss to which this insurance may apply, ***you*** must cooperate with ***us*** in the investigation of the claim and also see that the following duties are performed:

\*\*\*\*\*
   b.  protect the property from further damage or loss and also:
       (1)   make reasonable and necessary temporary repairs required to protect the property; and
       (2)   keep an accurate record of repair expenses;
                     \*  \*  \*  \*  \*
   d.  as often as ***we*** reasonably require:
       (1)   exhibit the damaged property;
       (2)   provide ***us*** with any requested records and documents and allow ***us*** to make copies;
       (3)   while not in the presence of any other ***insured***:
             (a) give statements; and
             (b) submit to examinations under oath….

   e.  submit to ***us***, within 90 days after our request, ***your*** signed, sworn proof of loss [.]

7.     **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence.

2

    **8.**    **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

## SECTION I – LOSSES NOT INSURED

1. *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

          * * * * *

    g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

          * * * * *

    i. wet or dry rot;

          * * * * *

    k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

          * * * * *

3. *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

    b. defect, weakness, inadequacy, fault, or unsoundness in:

          * * * * *

        (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

        (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

        (4) maintenance…

    c. weather conditions.

9.      **Bona Fide/Legitimate Dispute.**   A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

10.     **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

11.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

12.     **Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." Tex. Ins. Code § 542.051(4). Because written notification was not provided by Plaintiff, they are barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

4

13.     **Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

14.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
**ALEXANDRA MCNICHOLAS-BERNIER**
State Bar No. 24037080
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
holidyefile@germer.com
abernier@germer.com

**ATTORNEYS FOR DEFENDANT,**
**STATE FARM LLOYDS**

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 2nd day May, 2022.

Chad T. Wilson                                          VIA E-SERVICE
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598


**DALE M. "RETT" HOLIDY**

6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelly Rains on behalf of Alexandra Bernier
Bar No. 24060822
krains@germer.com
Envelope ID: 64073283
Status as of 5/2/2022 8:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 5/2/2022 8:22:15 AM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 5/2/2022 8:22:15 AM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 5/2/2022 8:22:15 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexandra Bernier | | abernier@germer.com | 5/2/2022 8:22:15 AM | SENT |

**EXHIBIT E:**
**Defendant's Jury Demand**

Filed: 5/2/2022 8:22 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 64073283
By: Shailja Dixit
5/2/2022 8:33 AM

## CAUSE NO. 22-CV-0544

| | | |
|---|---|---|
| **PAUL HAGAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **405TH JUDICIAL DISTRICT** |

## <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury.

The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a

trial by jury.

Respectfully submitted,

**GERMER PLLC**

By:_____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
**ALEXANDRA MCNICHOLAS-BERNIER**
State Bar No. 24037080
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
holidyefile@germer.com
abernier@germer.com

**ATTORNEYS FOR DEFENDANT,**
**STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 2nd day of May, 2022.

Chad T. Wilson                                                    **VIA E-SERVICE**
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598



_____
**DALE M. "RETT" HOLIDY**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kelly Rains on behalf of Alexandra Bernier
Bar No. 24060822
krains@germer.com
Envelope ID: 64073283
Status as of 5/2/2022 8:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 5/2/2022 8:22:15 AM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 5/2/2022 8:22:15 AM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 5/2/2022 8:22:15 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexandra Bernier | | abernier@germer.com | 5/2/2022 8:22:15 AM | SENT |

**EXHIBIT F:**
**State Court Docket Sheet**

Skip to Main Content Logout My Account Search Menu New Case Search Refine Search  Back                    Location : Galveston County   Images

# CASE SUMMARY
## CASE NO. 22-CV-0544

| | | |
|---|---|---|
| **Paul Hagan vs. State Farm Lloyds** | § § § § § § | Case Type: **Contract - Debt - Commercial/Consumer**<br>Date Filed: **03/31/2022**<br>Location: **405th District Court**<br>Judicial Officer: **Robinson, Jared** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds**<br> Registered Agent, Corporation Service Company<br> 211 East 7th Street, Suite 620<br> Austin, TX 78701-3218 | **Dale M. Rhett Holidy**<br>*Retained*<br>7136501313(W)<br>713-739-7420(F)<br>holidyefile@germer.com |
| **Plaintiff** | **Hagan, Paul**<br> 902 Pine Hallow Drive<br> N/A<br> Friendswood, TX 77546 | **Chad T. Wilson**<br>*Retained*<br>832-415-1432(W)<br>281-940-2137(F)<br>cwilson@cwilsonlaw.com |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/31/2022 | **Original Petition - OCA**<br>  *Original Petition and Jury Demand* |
| 03/31/2022 | **Request for Civil Service**<br>  *Request for Service. 1 Citation to be Emailed; Assigned to R.G.* |
| 03/31/2022 | **Status Conference Sheet**<br>  *Emailed to Atty.* |
| 03/31/2022 | **Receipt Acknowledge**<br>  *Emailed Status Conf. Sheet to Atty.* |
| 03/31/2022 | **Citation Issuance - Work Product**<br>  *emailed to attoneys office* |
| 03/31/2022 | **Receipt Acknowledge**<br>  *for email* |
| 04/19/2022 | **Return of Service on Citation/Subpoena**<br>  *STATE FARM LLOYDS 544* |
| 05/02/2022 | **Original Answer**<br>  *Defendant State Farm Lloyd's Original Answer* |
| 05/02/2022 | **Jury Demand**<br>  *Demand for Jury Trial* |
| 06/23/2022 | **Status Conference**  (10:00 AM) (Judicial Officer Robinson, Jared) |
| 06/30/2022 | **Status Conference**  (10:00 AM) (Judicial Officer Robinson, Jared) |

---

**Unofficial Record**

# EXHIBIT G: A List of All Counsel of Record

**Attorneys for Plaintiff, Paul Hagan:**
Chad T. Wilson
State Bar No. 24079587
Donald C. Green II
State Bar No. 24086619
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
(832) 415-1432 – Telephone
(281) 940-2137 – Facsimile
eservice@cwilsonlaw.com

**Attorneys for Defendant, State Farm Mutual Automobile Insurance Company:**
Dale M. "Rett" Holidy
S.D. Texas/Federal Bar No. 21382
State Bar No. 00792937
rholidy@germer.com
Alexandra McNicholas Bernier
S.D. Tex./Federal Bar No. 3695685
State Bar No. 24037080
abernier@germer.com
GERMER, PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile